## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ERIC HARRIS,** | ) | **CASE NO. 4:15 CV 1563** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **RALPH HANSON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

*Pro se* petitioner Eric Harris, a.k.a. Eric Scales, is an inmate in the Federal Correctional Institution in Elkton, Ohio.  He has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. §2241 and has paid the filing fee.  For the reasons stated below, his petition is denied.

Petitioner challenges a sentence imposed on him by the District Court for the Eastern District of Missouri, in *United States v. Eric Harris*, 4: 12 CR 00333 (E.D. Mo.).  In that criminal case, petitioner pleaded guilty to being a felon in possession of a firearm.  At sentencing, the court found that petitioner was an Armed Career Criminal under the Armed Career Criminal Act (ACCA) and sentenced him to 180 months' imprisonment.  *See Harris v. United States*, Case. No. 4: 14 CV 1323, 2015 WL 520145, at *2 (E.D. Mo. Feb. 9, 2015).

In his present petition, petitioner challenges the constitutionality of his sentence in light of the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551

(2015).  In *Johnson*, the Supreme Court held that the "residual clause" contained in a portion of the ACCA is void for vagueness and that imposing an increased sentence under the residual clause violates due process.  The petitioner seeks an order "vacating the sentence for ACCA and for immediate release for time served."  (Doc. No. 1 at p. 1.)

### Discussion

A district court must conduct an initial review of *habeas corpus* petitions.  28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011).  The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief.  *Id.*  The allegations in the petition are accepted as true and liberally construed in the petitioner's favor.  *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

As a general matter, 28 U.S.C. §2255 and 28 U.S.C. §2241 provide the statutory scheme for federal prisoners to obtain *habeas* relief.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. §2255.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "saving clause" in §2255, 28 U.S.C. §2255(e), which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the

detention." *Terrell*, 564 F.3d at 447.  Section 2255 relief is not inadequate or ineffective merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion.  *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004).  Rather, the Sixth Circuit has held the savings clause applies to allow a §2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."  *Hayes v. Holland*, 473 Fed. App'x 501, 502 (6th Cir. 2012).  Actual innocence means "factual innocence"; the petitioner must demonstrate "it is more likely than not that no reasonable juror would have convicted him."  *Barnes*, 102 Fed. App'x at 443.

Although the petitioner refers to actual innocence in his petition, he does not contend he is actually innocent of the underlying crime of which he was convicted, being a felon in possession of a firearm.  He challenges only his sentence under the ACCA.  The Sixth Circuit has repeatedly instructed that "claims of sentencing error may not serve as the basis for an actual innocence claim" for purposes of a pursuing a motion under 28 U.S.C. §2241.  *See Brown v. Hogsten*, 503 Fed. App'x 342, 343 (6th Cir. 2012); *Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241"); *Hayes*, 473 Fed. App'x at 502 ("[t]he savings clause of section 2255(e) does not apply to sentencing claims"); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . .").  Accordingly, the petitioner's challenge to his sentence is not cognizable under §2241.  Federal courts that have considered similar petitions have indicated that, if *Johnson* provides a petitioner

a basis to challenge the constitutionality of an enhanced sentence under the ACCA based on *Johnson*, it might be through a second or successive petition under 28 U.S.C. §2255.  *See, e.g., Tucker v. Snyder-Norris*, No. CV 0:15-53-HRW, 2015 WL 5826825, at *3, n. 1 (E.D. Ky. Oct. 1, 2015) (noting that federal courts of appeals have reached different conclusions as to whether *Johnson* is retroactively applicable to cases on collateral review).

### Conclusion

Accordingly, for the reasons stated above, this Section 2241 petition is denied and this action is dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


*/s/Dan Aaron Polster 10/16/15*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE